IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| vs. | **Case No: 16-03124-01-CR-S-BCW** |
| **CALEB EVANS,** | |
| Defendant. | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through Thomas M. Larson, Acting United States Attorney for the Western District of Missouri, and undersigned counsel, respectfully submits this sentencing memorandum in the above-captioned matter, set for a sentencing hearing on October 23, 2017. For the reasons set forth below, the Government recommends that this Court sentence the defendant, Caleb Evans, to a term of incarceration at the high-end of the applicable sentencing guidelines, followed by a five-year term of supervised release.

### I. FACTUAL BACKGROUND

On August 26, 2016, members of the Republic Police Department followed a silver Isuzu from Casey's General Store to a Wal-Mart store located at 1150 East U.S. Highway 60, after observing the occupants acting suspiciously. Upon arrival at the Wal-Mart, the occupants of the vehicle entered the store. Officer L. Peery was able to determine that the registered owners of the vehicle had a history of stealing from Wal-Mart and informed the store manager of that fact.

At approximately 5:15 a.m., one of the vehicle's occupants, later identified as the defendant, CALEB EVANS, exited the store holding a car battery. Officer Peery contacted the store manager who informed the officer that the defendant had not paid for the battery. Officer Peery approached the defendant as he was apparently installing the battery in the vehicle. When the defendant became aware of the officer's approach, he quickly proceeded to the rear driver's side door and appeared to place something in the vehicle. The defendant was placed in handcuffs and informed that he was being detained upon the suspicion that he had stolen the car battery.

After placing the defendant in the back seat of the patrol car, Officer Peery used his flashlight to peer into the vehicle. The officer observed a box of .40 caliber ammunition, drug paraphernalia, and the handle of a handgun protruding from the open top of a backpack on the rear floorboard. The defendant was advised of his *Miranda* rights and asked about the pistol and ammunition. The defendant asserted that he was unaware of their presence in the car, but admitted he had just been released from prison.

Officer Peery searched the vehicle, seizing the loaded firearm, ammunition, drug paraphernalia, and a lockbox that contained several syringes. The officer also located a camera bag which contained a digital scale, seven alprozalam tablets, 13 diazepam tablets, and a baggie containing approximately 65 grams of a crystalline substance that field-tested positive for the presence of methamphetamine.

On September 13, 2016, ATF Task Force Officer Robert James contacted the defendant with regard to the possible federal crimes detailed above. During the course of the interview, the defendant admitted that the methamphetamine and firearm belonged to him. The defendant identified the firearm as a Smith and Wesson .40 caliber handgun and confessed that he

intended to sell the "quarter pound" of methamphetamine recovered from the vehicle. The defendant further acknowledged that he obtained the firearm in exchange for a quantity of methamphetamine.

## II. ARGUMENT

The defendant is now scheduled to appear before the Court for sentencing after pleading guilty to being a felon in possession of firearm, in violation of 18 U.S.C. § 922(g)(1), possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). The defendant, in his sentencing memorandum, suggests that this Court impose a below-guideline sentence of 125 months' imprisonment. The Government respectfully submits that the defendant's particularly violent and lengthy criminal history, the obvious wrongfulness of his conduct, compounded by his abject inability to obey the law, support the imposition of a sentence at the high-end of the applicable sentencing guidelines.

### A. Statutory and Guidelines Calculations

The United States Sentencing Guidelines are now advisory, but they remain "the starting point and the initial benchmark" in sentencing. *Gall v. United States,* 552 U.S. 38, 49-50 (2007). The Guidelines must be properly calculated and considered, but ultimately the Court must craft a sentence that sufficiently accounts for the sentencing factors and objectives outlined in 18 U.S.C. § 3553(a). *Id.* at 49-50. "A sentence is substantively reasonable when the length of the sentence reflects the gravity of the crime and the § 3553(a) factors as applied to the case." *United States v. Martinez-Barragan*, 545 F.3d 894, 905 (10th Cir. 2008).

The final presentence investigation report, filed on October 10, 2017, determined that the defendant's advisory guideline range of imprisonment is 137 to 156 months' imprisonment,

predicated upon a Criminal History Category of VI, and a total offense level of 21. Further, the defendant is subject to a period of supervised release of not less than four years. There are no objections to Part D of the presentence investigation report.

### B. Statutory Sentencing Factors

#### 1. Nature and Circumstances of the Offense

As noted above in detail, the defendant was apprehended after stealing a battery from Wal-Mart. During the ensuing encounter with law enforcement, the officers determined that the defendant was in possession of a substantial quantity of narcotics, as well as loaded .40 caliber pistol. The defendant, when confronted with the presence of contraband in his car, told the officers to "prove that it's mine."

The defendant was questioned a second time while in the confines of the Greene County Jail. The defendant acknowledged that he intended to sell the methamphetamine recovered from the car and that he acquired the firearm during a drug deal.

#### 2. History and Characteristics of the Defendant

The defendant has a lengthy and extensive criminal history. The defendant was convicted in 1998 of second-degree robbery and placed on probation. The defendant violated the terms of his probation repeatedly, resulting first in a commitment to the Missouri Bureau of Prisons under the Institutional Treatment Program, and later, a full revocation and seven year term of imprisonment. Records from the Department of Corrections indicate that the defendant incurred numerous, serious conduct violations while in custody, including rioting, engaging in a physical struggle, and creating a disturbance.

The defendant, while on probation, was convicted of domestic assault in the third degree, possession of a controlled substance on multiple occasions, possession of drug

4

Case 6:16-cr-03124-BCW   Document 40   Filed 10/20/17   Page 4 of 7

paraphernalia, and possession of marijuana. After a short tenure on parole, the defendant was convicted of domestic assault.

The defendant is currently awaiting trial in Lawrence County, Missouri, for two counts of assault of a law enforcement officer, trafficking in methamphetamine, tampering in the first degree, and resisting arrest.

### 3. Need to Promote Respect for the Law

Given the defendant's inability to obey the law or the conditions of supervision, it is of no little importance that the sentence imposed by the Court should impress upon the defendant that his continued disregard of the law will have serious consequences. The defendant has been afforded every opportunity to discontinue his criminal career.

A sentence at the high-end of the guidelines takes into account the defendant's disregard for the law and imposes a sentence that is appropriate in light of the extent of that disregard.

### 4. Need to Afford Adequate Deterrence to Criminal Conduct

It would appear that the only mechanism to ensure the defendant is deterred from engaging in criminal conduct is incarceration. A lengthy sentence of imprisonment will unquestionably prevent the defendant from committing additional crimes for the length of his incarceration. Presumably, the recognition that there is a serious consequence for failing to abide by the law and the mandates of the courts will deter the defendant from committing future illegal acts.

### 5. Need to Protect the Public from Further Crimes of the Defendant

The defendant has been convicted yet again of a serious offense. The defendant's drug trafficking, along with his possession of a firearm, poses a grave danger to the public.

Consequently, a lengthy sentence is warranted to protect the public from the further predations of the defendant.

### 6. Need to Provide the Defendant with Education, Vocational Training, or Other Correctional Treatment

The presentence report indicates that the defendant has a long-term substance abuse problem. The sentence imposed by the Court should include drug treatment.

### III. CONCLUSION

The sentence imposed on the defendant must necessarily protect the public from the defendant's predations, afford an adequate deterrence to criminal conduct, reflect the seriousness of the offense, promote respect for the law, and, perhaps most importantly, provide just punishment for the offense. In this case, a sentence at the high-end of the guidelines, followed by a five-year term of supervised release, is a fair and just sentence.

WHEREFORE, for all the foregoing reasons, the United States respectfully requests that that the Court impose a sentence at the high-end of the applicable Sentencing Guidelines.

Respectfully submitted,

THOMAS M. LARSON
Acting United States Attorney


*/s/ James J. Kelleher*_____
JAMES J. KELLEHER
Assistant United States Attorney
Western District of Missouri
901 St. Louis Street, Suite 500
Springfield, Missouri 65806
(417)831-4406

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 20th day of October, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case.

>  */s/ James J. Kelleher*
>  JAMES J. KELLEHER